IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

ALICIA BALABAN,

       Petitioner,

v.                                          Case No. 1:20-cv-00481

WARDEN, FPC ALDERSON,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by counsel, Laura M. Finch.   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Petitioner is presently incarcerated at the Federal Prison Camp at Alderson, West Virginia, serving a 60-month sentence imposed by the United States District Court for the District of New Jersey on November 28, 2018.   At the time she filed the petition, her projected release date was April 7, 2023.   Petitioner asserts that she is a first-time, non-violent offender who has no history of disciplinary violations while in prison.   (ECF No. 1 at 1-2, 6-7).   She seeks temporary release from custody due her risk of exposure to the COVID-19 coronavirus and asserts that her continued incarceration violates the Fifth and Eighth Amendments of the United States Constitution.   (*Id.* at 14-16).

Petitioner, who is 37 years old, states that she suffers from chronic allergies, asthma, chronic sinus infections, shortness of breath, and gynecological issues. She claims that her chronic respiratory conditions make her susceptible to pneumonia and further states that she previously suffered from Lyme disease in 2014, which compromised her immune system, making her particularly vulnerable to the coronavirus. She further claims that she recently developed vertigo. She also suffers from Reynaud's disease, a vascular disorder that causes intermittent disruption of blood flow to the extremities. (*Id.* at 3, 9-10).

Petitioner asserts that she has been on lockdown at the prison since April 1, 2020, which has caused her conditions to markedly deteriorate. She claims that her "health conditions make her particularly vulnerable to contracting the novel coronavirus and of developing acute symptoms from the virus, making her a perfect candidate for the fatal consequences." (*Id.* at 10). Consequently, she requests that she be released from the prison and placed on home confinement at her home in Florida, or be granted a temporary furlough, for the duration of the COVID-19 pandemic. Petitioner further asserts that she filed a formal request for early release that was denied by the Federal Bureau of Prisons ("BOP") on May 18, 2020. (*Id.* at 5). Thus, she contends that she exhausted the required administrative remedies, but further asserts that any failure to properly exhaust such remedies should be excused for cause and prejudice. (*Id.*) Petitioner seeks declaratory and injunctive relief for alleged violations of her Fifth and Eighth Amendment rights (First Cause of Action) or declaratory and injunctive relief in the form of a temporary furlough from prison under 18 U.S.C. § 3622 (Second Cause of Action). (*Id.* at 18-20).

On August 7, 2020, the undersigned entered an Order and Notice with a briefing schedule.  (ECF No. 6).  On August 19, 2020, Respondent filed a Response to the Petition.  (ECF No. 8).  Respondent construes Petitioner's petition as seeking relief under the CARES Act and the First Step Act of 2018.  Respondent asserts that:  (1) Petitioner has not exhausted the available and required administrative remedies; (2) Petitioner's requests for relief are not ripe; (3) conditions of confinement claims are not properly brought in a habeas corpus action; (4) the court does not have authority to grant the relief Petitioner seeks under the CARES Act; and (5) Petitioner is not entitled to, and the court may not order, the grant of a furlough.

As noted in the Response, the BOP has been granted limited statutory authority to transfer prisoners to home confinement through 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541.  The BOP's policies and procedures implementing the home confinement program are outlined in BOP Program Statement 7320.01, Home Confinement, as well as a BOP Operations Memorandum, Home Confinement Under the First Step Act. (ECF No. 8 at 2 and Ex. 1).

On March 26, 2020, in response to the COVID-19 pandemic, the Attorney General issued a Memorandum for the Director of the BOP ("March 26 Memorandum") to ensure the BOP was appropriately utilizing home confinement to protect the health and safety of BOP staff and inmates.  (*Id.*)  Pursuant to the Attorney General's directives, the BOP began immediately reviewing all inmates with COVID-19 risk factors as described by the Centers for Disease Control and Prevention ("CDC") for suitability for home confinement.  (*Id.*)  In assessing whether home confinement should be granted pursuant to the March 26 Memorandum, the BOP considered the totality of the

circumstances for each individual inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors, including the inmate's age and vulnerability to COVID-19, his or her security level, conduct in prison, crime of conviction, assessment for danger to the community, PATTERN (the Prisoner Assessment Tool Targeting Estimated Risk and Need) score, and demonstration of an acceptable re-entry plan and location for home confinement.   (*Id*. at 2-3 and Ex. 1).

After the issuance of the March 26 Memorandum, and in response to the COVID-19 pandemic, Congress passed the Coronavirus Aid Relief and Economic Security Act ("CARES Act").   *See* Pub. L. No. 116-136.   As noted by Respondent, through the CARES Act, "Congress [among other objectives] sought to address the spread of the coronavirus in prisons by permitting BOP to expand the use of home confinement under [Section 602 of the First Step Act] § 3624(c)(2)."   *Furando v. Ortiz*, 2020 WL 1922357 (D.N.J. Ap. 21, 2020) *2 (citing Pub. L. No. 116-136, § 12003(b)(2)). "Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months."   *Id.*

Respondent notes that, although Petitioner has a PATTERN Score of "Low Risk Recidivism," she has greater than 18 months remaining on her sentence and has only served 38.1 percent thereof.   Respondent further contends that Petitioner is presently completing the BOP's Residential Drug Abuse Program ("RDAP") and that her release from custody would disrupt her progress and completion of that program and cause her to be ineligible for the early release benefit related thereto.   Respondent further contends that Petitioner has not properly submitted a request for consideration for home

confinement or a furlough request through all required levels and, thus, has failed to exhaust the available administrative remedies before filing the instant petition, and that her requests for relief are not ripe for adjudication.   (*Id.* at 5-6).

Moreover, Respondent contends that this United States District Court lacks authority to grant Petitioner the relief she seeks under the CARES Act or to grant her a furlough under 18 U.S.C. § 3622.   (*Id.* at 10-13).   Additionally, to the extent that Petitioner is challenging her conditions of confinement, Respondent contends that such claims are not cognizable under § 2241.   Rather, Respondent contends such claims must be brought against individual federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   (*Id.* at 9-10).   For all these reasons, Respondent asserts that the instant petition must be denied.

Petitioner's Reply reiterates her assertions that, due to the emergent nature of her requests for relief, any failure to properly exhaust administrative remedies should be excused or waived and that her requests for relief are ripe for review by this court.   (ECF No. 10 at 2-4).   Petitioner again asserts that she should be able to address her claims concerning her conditions of confinement through this habeas corpus proceeding and that this court has the authority to grant her requested relief.   (*Id.* at 5-11).   However, her brief relies upon numerous cases where relief was granted under 18 U.S.C. § 3582(c)(1)(A), which is a different vehicle for early release that, as addressed below, may only be granted by her sentencing court.   (*Id.* at 9-11).   Alternatively, Petitioner now requests a 30-day furlough, or a recommendation from this court to the BOP to grant the same. (*Id.* at 12-13).

On October 23, 2020, Petitioner filed an unauthorized sur-reply to advise the court of the current spread of the virus and conditions at FPC Alderson, and that her health has deteriorated.   (ECF No. 12 at 1-2).   Petitioner further contends that, due to her receipt of sentencing credits changing her release date to April 7, 2022, she has now served over 50% of her sentence.   (*Id.* at 2).   The sur-reply further references, by example, the early release of another prisoner, who was granted compassionate release under 18 U.S.C. § 3582(c)(1)(A), not § 2241.   (*Id.*)

## ANALYSIS

Petitioner filed her petition under 28 U.S.C. § 2241, which provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).   This court is unable to grant Petitioner her requested relief for several reasons.

> A.    *Petitioner's constitutional challenges to her conditions of confinement are not appropriate for consideration in a habeas corpus proceeding.*

Prisoners have no constitutional right to be released from custody before the expiration of a valid sentence. *United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).   Here, Petitioner does not claim that her sentence is invalid.   Rather, her claims relating to the BOP's failure to release her to home confinement are best characterized as challenges to the execution of her valid sentence, which would be cognizable under 28 U.S.C. § 2241, or as challenges to her conditions of confinement, which should be addressed in a civil rights complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 482 (1973) ("[T]he traditional function of the writ is to secure release from illegal

custody."); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (Challenges to the validity of confinement or to particulars affecting its duration are the province of habeas corpus, whereas challenges to the circumstances of confinement should be brought under § 1983).

To the extent that Petitioner asserts that her conditions of her confinement violate the Fifth and Eighth Amendments and seeks declaratory and injunctive relief in the form of her release from prison for such alleged violations, the United States Court of Appeals for the Fourth Circuit has not specifically addressed, in a published opinion, whether such claims may be addressed in habeas corpus.  Nonetheless, several panels of the Court have held that such challenges are not cognizable under 28 U.S.C. § 2241.  *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging conditions of confinement cannot be brought in a habeas petition.") (collecting cases); *Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. Nov. 29, 2017) (conditions-of-confinement claims are not cognizable in a § 2241 petition); *Braddy v. Wilson*, 580 F. App'x 172 (4th Cir. 2014) (dismissing habeas petition alleging a conditions of confinement claim as improperly brought under § 2241); *Hardin v. Acting Warden, FCI Edgefield*, No. 9:20-cv-1420-SAL-BM, 2020 WL 3259761 (D.S.C. May 6, 2020), *recommendation adopted by*, 2020 WL 3259308 (D.S.C. June 16, 2020) (conditions of confinement claims are not cognizable under § 2241); *United States v. Johnson*, Crim. No. RDB-14-0441, 2020 WL 1663360, at *5 (D. Md. Apr. 3, 2020) (concluding that Fourth Circuit precedent precludes an inmate from asserting claims concerning exposure to COVID-19 under § 2241 because such a claim does not challenge

the constitutionality of a sentence).  "Thus, the weight of authority both within and outside this circuit suggests that, as a general matter, petitioners cannot challenge their conditions of confinement in a habeas corpus proceeding."  *Hallinan v. Scarantino*, No. 5:20-HC-2088-FL, 2020 WL 3105094, at *11 (E.D.N.C. June 11, 2020).  Petitioner's reliance on cases from other jurisdictions finding to the contrary are not persuasive.

Rather, such claims are more properly addressed through a civil rights action under *Bivens, supra*, 403 U.S. 388 (1971).  *See Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987) (citing *Ex Parte Young*, 209 U.S. 123 (1908) (recognizing the remedy of injunctive relief for constitutional violations)); *Washington v. Fed. Bureau of Prisons*, No. 5:16-cv-03913-BHH-KDW, 2019 WL 2125246, at *8 (D.S.C. Jan. 3, 2019) (finding that weight of authority "seems to permit injunctive relief claims in *Bivens* actions"), *recommendation adopted by* 2019 WL 1349516 (D.S.C. Mar. 26, 2019).  However, Petitioner has not sufficiently demonstrated that she has properly and fully exhausted the available administrative remedies concerning her conditions of confinement claims, or that requiring exhaustion would be futile.  *See* 42 U.S.C. § 1997e(a); *see also Smith v. Metheny*, No. 1:05CV49, 2006 WL 314557, at *1 (N.D. W. Va. Feb. 9, 2006) (under PLRA, a prisoner bringing a *Bivens* action "with respect to prison conditions" must first exhaust all available administrative remedies) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  Likewise, she cannot satisfy the restrictive criteria under 18 U.S.C. § 3626 for injunctive relief in the form of release from prison.  *See Hallinan, supra*, 2020 WL 3105094, at *12 ("The PLRA applies to all prisoner civil actions challenging conditions of confinement, and imposes strict requirements regarding filing fees, administrative exhaustion, and carefully crafted restrictions on injunctive relief.").

> B. *Petitioner is not entitled to habeas corpus relief under the CARES Act, but may seek a motion for compassionate release in her court of conviction.*

Furthermore, proper exhaustion notwithstanding, this court lacks jurisdiction to grant Petitioner her requested relief under the CARES Act. Although the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, nothing in the Act grants this court jurisdiction to order home detention for Petitioner. Rather, the discretionary decision of whether to release an inmate to home confinement rests solely with the BOP and such decisions are not subject to judicial review. *See McCarson v. Reherman*, No. 2:20-cv-01386-HMH-MGB, 2020 WL 2110770, at *2 (D.S.C. May 4, 2020); *United States v. Carroll*, Case No. 1:16-cr-632-JMC, 2020 WL 1976498, at *1-2 (D.S.C. Apr. 24, 2020); *United States v. Engleson*, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (noting that although the court can make recommendations to the BOP, the ultimate decision of whether to release an inmate to home confinement rests with the agency).

On the other hand, as amended by the First Step Act, a court may modify a criminal defendant's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). "[U]pon motion from the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . , [the court] may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a)[.]" 18 U.S.C. § 3582(c)(1)(A). Such requests are commonly known as "motions for compassionate release." Petitioner does not explicitly request compassionate release, but her petition requesting early release to home confinement suggests the same. She relies upon several cases interpreting § 3582 to provide

compassionate release and she asserts that her medical condition qualifies as an "extraordinary and compelling reason" in light of COVID-19, and that "the § 3553 factors" support her request for release to home confinement. Various courts have construed similar claims as motions for compassionate release under § 3582(c)(1)(A). *See, e.g., Kyle v. United States*, No. 1:17CV29, No. 1:15CR107, 2020 WL 760396, at *2 (N.D. W. Va. Feb. 14, 2020) (construing five pro se documents as a motion for compassionate release under § 3582); *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (construing a § 2241 petition as a motion for compassionate release).

Nonetheless, even if Petitioner's petition is considered as a request for compassionate release under § 3582(c)(1)(A), this court still cannot grant Petitioner relief because such motions must be filed and addressed by her sentencing court. Petitioner did not indicate whether she has sought such relief in her court of conviction, the United States District Court for the District of New Jersey.  A review of her criminal docket sheet indicates that she has not filed such a motion in that court.  Therefore, the presiding District Judge could consider transferring this petition to Petitioner's sentencing court in lieu of complete dismissal.

C.     *This court cannot grant or require a furlough for Petitioner.*

Turning to Petitioner's alternative request for a furlough, the BOP, in its discretionary authority, established procedures for prisoners to apply for a furlough. *See* 28 C.F.R. § 570.37.  It appears that Petitioner failed to submit a true furlough application in compliance with 28 C.F.R. § 570.37 prior to filing the instant petition. Accordingly, her request is not ripe for review, and this court cannot find that the BOP

failed to properly consider Petitioner for a temporary release pursuant to 18 U.S.C. § 3622.

To receive consideration for a temporary release pursuant to 18 U.S.C. § 3622, Petitioner should submit a furlough application with BOP staff in compliance with 28 C.F.R. § 570.37, which contains three factors for consideration.   However, § 3622 does not mandate release of a prisoner, even if all three factors are satisfied.   Thus, this court has no authority to require the BOP to grant Petitioner a furlough.   *See Woltz v. Carter*, No. 5:11-cv-908, 2012 WL 3879950, *4 (S.D. W. Va. Sept. 6, 2012) ("Plaintiff simply fails to state a due process claim because he has no protected liberty interest with respect to the BOP's discretionary determination of whether he is eligible for a furlough or community confinement."); *Clay v. LaManna*, 2008 WL 4680579, *3 (D.S.C. Oct.   21, 2008) (an inmate does not have a liberty interest in a furlough); *United States v. Padilla*, 2012 WL 2175749, *3 (D.N.M. May 31, 2012) ("Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts."); *United States v. Watson*, 2009 WL 1370915 (M.D. Ala. May 14, 2009) ("No language in the statute grants district courts the authority to order or approve a furlough request.").

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court. Alternatively, the presiding District Judge could consider transferring the petition to the United States District Court for the District of New Jersey for consideration as a motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in Case No. 3:18-CR-00211-FLW-1.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit it to counsel of record.

November 6, 2020

Dwane L. Tinsley
United States Magistrate Judge

12