```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**ALICIA BALABAN,**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:20-00481**

**WARDEN, FPC ALDERSON,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on November 6, 2020, in which he recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, and dismiss this action from the court's docket.  Alternatively, Magistrate Judge Tinsley recommended that the court transfer the petition to the United States District Court for the District of New Jersey, Balaban's sentencing court, for consideration as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de</u>

novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Plaintiff filed objections to the PF&R.  See ECF No. 14.

On January 6, 2022, the sentencing court granted Balaban's motion for compassionate release.  See ECF No. 50 in Case No. 3:18-CR-00211-FL-W-1 (D.N.J.).  Given plaintiff's release from custody, the defendant has a filed a motion to dismiss the petition as moot.

Dismissal of plaintiff's application as moot is appropriate because plaintiff has already been released from her term of incarceration.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Wallace v. Jarvis, 423 F. App'x 328, 2011 WL 1355195, *1 (4th Cir. Apr. 11, 2011) ("While Wallace challenges the calculation of his release date, he has been released from custody, and he does not allege any collateral consequences that would warrant relief."); Evora v. Johnson, Civil Action No. 3:09CV91-HEH, 2009 WL 1437592, *1 (E.D. Va. May 21, 2009) (dismissing as moot habeas petition where, having been released from custody, petitioner did not "attempt to demonstrate that the allegedly incorrect calculation [of time he was required to serve] inflicted any collateral consequences upon him").

Accordingly, because no case or controversy presently exists in this case, the court hereby **GRANTS** the motion to dismiss petition as moot, **DISMISSES** as moot plaintiff's petition under 28

U.S.C. § 2241 for a writ of habeas corpus, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 21st day of March, 2023.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge